**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4455

EDWARD WILLIE JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-97-480-PJM)

Submitted: June 22, 1999

Decided: August 26, 1999

Before MURNAGHAN, WILKINS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Rod J. Rosenstein, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Willie Johnson appeals his convictions for falsification of a material fact in violation of 18 U.S.C.A. § 1001 (West Supp. 1999), 18 U.S.C. § 2 (1994), theft of government property (Freon), in violation of 18 U.S.C.A. § 641 (West Supp. 1999), 18 U.S.C. § 2, and false statement in violation of 18 U.S.C. § 1001. On appeal, Johnson contends that the trial court erred in allowing the case agent to testify about a statement made by a witness during the investigation, that the prosecutor improperly commented on his failure to provide an explanation for the incriminating document and that this amounted to plain error as referencing Johnson's failure to testify, and that the district court's instructions on aiding and abetting were incorrect and amounted to plain error. We affirm.

Johnson contends that the district court erred in allowing Detective Luke to testify to the substance of his conversation with Alonzo Mason. Specifically, Luke testified that, in response to his inquiry as to whether Mason saw Johnson distribute Freon to Mike Thompson, Mason replied that "he had not seen anyone there." (J.A. at 58). Over Johnson's objection, the district court ruled that this was not hearsay, because it was not offered for the truth of the matter asserted.

This court reviews a district court's evidentiary rulings for abuse of discretion, but such rulings are subject to a harmless error analysis under Federal Rule of Criminal Procedure 52(a). See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). An evidentiary error is deemed harmless if a reviewing court can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 750, 765 (1946).

2

The challenged statement was relevant to count three of the indictment, which charged Johnson with making a false statement to an National Institute of Health detective "by providing a signed affidavit . . . stating that [Johnson] had issued freon to Mike Thompson and another man at approximately 4:20 p.m. on July 31, 1997, when in truth, as the defendant well knew, he did not issue freon to anyone at that time." (J.A. at 10). The government asserts that the challenged statement was offered for reasons other than to prove the truth of the matter asserted, such as, to show that the false statement by Johnson was material, to show Luke's state of mind in requesting Johnson to walk through the power plant to identify Thompson, or to rebut the defense's contention that Detective Luke focused on Johnson without fully investigating the case.

However, assuming that the statement was admitted for the truth of the matter asserted in violation of the rule against admission of hearsay evidence, we find that admission of the statement did not adversely affect Johnson's substantial rights. See Fed. R. Crim. P. 52(a); United States v. Nyman, 649 F.2d 208, 212 (4th Cir. 1980) (quoting Gaither v. United States, 413 F.2d 1061, 1079 (D.C. Cir. 1969)). Therefore, we find any error to be harmless. See Kotteakos, 328 U.S. at 765.

Because Johnson failed to object to the closing argument, Johnson's contention on appeal that the prosecutor improperly commented on his failure to testify is reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). During closing argument, the prosecutor repeatedly remarked that Johnson provided no explanation for the document containing his initials noting that he distributed the Freon to Mike Thompson. However, remarking on the failure of the defense, as opposed to the defendant, to counter or explain the evidence is not impermissible comment on the defendant's failure to testify as prohibited by Griffin v. California, 380 U.S. 609, 615 (1965). See United States v. Knowles, 66 F.3d 1146, 1163 (11th Cir. 1995) (finding no error in"Did you ever hear an explanation for that?"). We find that the prosecutor's comments in this case are directed at the failure of the defense to present an explanation, rather than directed at Johnson's failure to take the witness stand and testify. To the extent they had the effect of drawing attention to Johnson's failure to testify, we find that the comments did not

3

prejudice Johnson's substantial rights so as to amount to reversible error, much less plain error. See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983); Olano, 507 U.S. at 732.

Lastly, Johnson contends that the district court erred in instructing the jury on the law of aiding and abetting. Because he failed to object to the instructions, this court's review is for plain error. See Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 736.

Because the instructions as a whole, see Cupp v. Naughten, 414 U.S. 141, 146-47 (1973), adequately define the crime of aiding and abetting, we find that the district court did not err in instructing the jury. Further, even if the instructions amounted to error, in light of the substantial evidence of Johnson's guilt, he failed to show that the instructions as given affected the outcome of the proceedings and seriously affected the fairness, integrity, or public reputation of the proceedings, as required to reverse for plain error. See Olano, 507 U.S. at 732; see also Johnson v. United States , 520 U.S. 461, 469-70 (1997) (affirming conviction even though court failed to instruct jury on element of crime).

In conclusion, we affirm Johnson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4